UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AGUSTIN EDUARDO MARIN ALCALA,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-03769-DAD-CSK

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS, DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT, AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On May 18, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2),[1] a motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4). On May 19, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether

---

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and is therefore granted.

1

any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided, including, as relevant here, *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025).  (Doc. No. 6.)

On May 20, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 7.)  In that opposition, respondents concede that there are no significant factual or legal differences between this case and the cases identified in the court's order.  (*Id.* at 3.)  Respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (*id.* at 2–3), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Finally, respondents do not oppose the court ruling on the merits of the underlying petition based on the current briefing before the court.  (Doc. No. 8 at 2.)

Based on the briefing submitted by the parties, the court finds the following facts.  Petitioner entered the United States on October 18 or 19, 2023.[2]  (Doc. Nos. 1 at 5; 8-1 at 2.)  Petitioner arrived with a scheduled "CBP One" appointment and was paroled into the United States.  (Doc. No. 8-1 at 2.)  On March 31 or April 1, 2026, petitioner was re-detained outside his home.  (Doc. Nos. 1 at 5–7; 8-3 at 1.)

In light of petitioner's previous parole into the United States, the court incorporates and adopts the reasoning set forth in its prior order *Rocha Chavarria*, 2025 WL 3533606, in which the court determined that the petitioner demonstrated a liberty interest in his continued release following his parole, and his re-detention absent notice and a hearing violated due process.  Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

---

[2]  Petitioner and respondents provide dates that are one day apart for both his entry into the United States and his re-detention.  The exact date of those events does not affect the court's analysis, so the court does not resolve this slight discrepancy.

       a.    Respondents are ORDERED to immediately release petitioner Agustin Eduardo Marin Alcala, A-File No. 244-229-603, from respondents' custody on the same conditions he was subject to prior to his re-detention on or about March 31 or April 1, 2026;

       b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner no less than seven days' notice and a pre-deprivation bond hearing before an immigration judge at which the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

2.    Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3.    Petitioner's motion for temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot by this order granting him habeas relief;

4.    Petitioner's motion to appoint counsel (Doc. No. 4) is hereby DENIED as having been rendered moot by this order granting him habeas relief;

5.    The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

6.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:  **May 29, 2026**

                      DALE A. DROZD
                      UNITED STATES DISTRICT JUDGE

3